**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JACOB HIMBERGER, | |
| Plaintiff, | |
| v. | Case No. 25-CV-2505-DDC-JBW |
| UBISOFT ENTERTAINMENT SA, ET AL., | |
| Defendants. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Emergency Motion for a Protective Order to Stay Discovery or in the Alternative Continue All Deadlines (Dkt. 44). Plaintiff requests the Court stay all deadlines set forth in the Scheduling Order (Dkt. 29) pending the resolution of Plaintiff's Motion to Remand to State Court (Dkt. 10) and Defendants' Motion to Transfer or Alternatively, Motion to Dismiss for Failure to State a Claim (Dkt. 11). Alternatively, Plaintiff requests the Court extend the parties' Scheduling Order deadlines by 60 days. Defendants oppose the motion. The Court grants the alternative relief in part.

**I.      Background**

This matter was removed from state court on August 29, 2025. Plaintiff filed his Motion to Remand to State Court (Dkt. 10) on September 15, 2025. Defendants filed their Motion to Transfer or, Alternatively, Motion to Dismiss for Failure to State a Claim (Dkt. 11). The motions are fully briefed.

On January 20, 2026, the Court held a Scheduling Conference, and a Scheduling Order (Dkt. 29) was entered on the same day. The Scheduling Order dictates, in addition to their expert

1

disclosure deadlines, the parties have an August 20, 2026 mediation deadline; August 28, 2026 discovery deadline; and July 6, 2027 trial date.

On May 21, 2026 and May 29, 2026, Plaintiff's counsel of record, Rhonda Levinson and Aimee Bateman, respectively, withdrew from this matter. Plaintiff's current counsel, Peter Robertson, entered his appearance for Plaintiff on May 27, 2026. Plaintiff's Motion sets forth the communication between counsel following his entry of appearance:

> On May 28, 2026, counsel had a phone call for the purpose of introductions and discussing the status of the case and discovery. On June 2, 2026, Plaintiff's new counsel provided Defendants with a "Golden Rule Letter" addressing Defendants' discovery responses and the legal positions to reinitiate good faith attempt to meet-and-confer. Plaintiff also requested a 60-day continuance for the upcoming deadlines. On June 10, 2026, Defendants provided a response to Plaintiff's June 2, 2026, letter which did not address the request for the continuance.

> On June 12, 2026, Plaintiff reiterated the request that Defendants consent to at minimum a 60-day continuance, however, suggested it would likely be more beneficial to stay the discovery because the discussions between the Parties appears futile due to the pending Motions. After the close of business on June 12, 2026, Defendants did not assent to a continuance or a stay.[1]

Plaintiff filed this motion on June 23, 2026.

In his motion, Plaintiff claims he has been unable to engage in meaningful discovery with Defendants due to the pending motions, and requests the Court stay this matter pending their resolution. Defendants object to a stay in this matter, and instead state their objections to Plaintiff's discovery requests were not based on the pending motions, arguing that to the "to the extent Plaintiff disagreed with Defendants' discovery positions, it should have timely sought to raise the

---

[1] Pl.'s Mot. for a Protective Order to Stay Discovery or in the Alternative Continue All Deadlines, Dkt. 44, p. 3.

issues with the Court pursuant to the procedures set forth in Local Rule 37.2.2" and his failure to do so does not warrant staying discovery or extending deadlines.[2]

## II.      Plaintiff's Request for a Stay

As a preliminary matter, Plaintiff's request for a "protective order" pursuant to Rule 26(c), is inappropriate as Plaintiff does not state he is subject to any discovery.[3] Instead the Court will analyze Plaintiff's request for a stay under this Court's standards for determining whether a stay of discovery is appropriate pending the resolution of a dispositive motion.

The decision regarding whether to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[4] A court may stay discovery on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[5] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[6] A stay is not favored because it can

---

[2] Memorandum in Opposition to Plaintiff's Emergency Motion for Protective Order to Stay Discovery or In the Alternative Continue All Deadlines, Dkt. 45, p. 2.

[3] Fed. R. Civ. P. 26(a)(1) allows  "[a] party or any person *from whom discovery is sought*" to move for a protective order.

[4] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *Kramer v. Textron Aviation, Inc.*, No. 20-2341-HLT-GEB, 2021 WL 4902249, at *3 (D. Kan. Oct. 21, 2021). *See also Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) ("District court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

[5] *See* Fed. R. Civ. P. 26(c). *See also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990).

[6] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc*., 713 F.2d 1477, 1484 (10th Cir. 1983).

delay the timely resolution of a matter.[7] Thus, as a general rule, courts in the District of Kansas disfavor staying pretrial proceedings even though dispositive motions are pending.[8]

There are, however, recognized exceptions to this general rule.[9] A stay pending a ruling on a dispositive motion is appropriate if (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[10] If any one of these factors is present, a stay may be appropriate.[11]

The Court does not find this to be one of the rare instances where staying discovery is justified. No form of immunity has been asserted as a defense. Though discovery will not affect the resolution of the pending motions, Plaintiff has not clearly shown that the resolution of the motions will conclude this matter in its entirety. The motions pending before the District Judge – Plaintiff's Motion to Abstain or in the Alternative to Remand (Dkt. 10) and Defendants' Motion to Transfer or, Alternatively, to Dismiss for Failure to State a Claim (Dkt. 11) – would only conclude the matter if Defendants' pending Motion is granted in the alternative. Further, the Court has

---

[7] *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-CV-1168-EFM-TJJ, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015).

[8] *McDaniel v. Lakeview Vill., Inc.*, No. 23-2090-TC-TJJ, 2023 WL 4198601, at *1 (D. Kan. June 27, 2023) ("longstanding 'general policy in this district is not to stay discovery even though dispositive motions are pending'" (quoting *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994))).

[9] *Id.*; *Tennant v. Miller,* No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013); *McCoy v. United States*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007); *Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).

[10] *KetoNatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc.*, No. 24-CV-2046-KHV-ADM, 2024 WL 4274891, at *2 (D. Kan. Sept. 24, 2024). *McDaniel*, 2023 WL 4198601, at *1; *Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *1–2 (D. Kan. July 13, 2016).

[11] *Wolf*, 157 F.R.D. at 495.

reviewed Defendants' request that this matter be dismissed, and "[q]uite simply, the pending motion to dismiss does not appear to be any more meritorious (and hence likely to end the case) than motions to dismiss regularly filed in this court."[12]

Finally, Plaintiff has failed to show discovery in this matter would be wasteful or burdensome. The crux of Plaintiff's argument in favor of staying this case stems from what appear to be discovery disputes between the parties. Plaintiff believes those disputes have arisen due to Defendants' unwillingness to meaningfully participate in discovery while the dispositive motions are pending. The Court disagrees. Upon review of Defendants' golden rule communications and discovery responses, Defendants' objections to the discovery responses appear to be those typically raised in response to perceived deficiencies in the requests themselves and raised pursuant to the federal rules. The objections do not appear to be an attempt to abstain from meaningfully participating in discovery while the motions are pending. While the Court understands resolving these issues among counsel and the Court could be burdensome, "[t]hat litigation requires time and resources from the parties does not justify, on its own, a discovery stay."[13] Therefore, the Court denies Plaintiff's request to stay discovery pending a ruling on the pending motions.

### III.    Plaintiff's Request to Continue All Deadlines

In the alternative Plaintiff requests the Court extend all deadlines set forth in the Scheduling Order (Dkt. 29) by 60 days. A scheduling order "may be modified only for good cause and with the judge's consent."[14]  The Court is afforded broad discretion in determining whether to modify

---

[12] *Lash v. Cupertino Elec., Inc.*, No. 25-2249-JWB-ADM, 2025 WL 2495380, at *2 (D. Kan. Aug. 29, 2025).

[13] *Green v. Blake*, No. 18-2247-CM, 2020 WL 618602, at *2 (D. Kan. Feb. 10, 2020).

[14] Fed. R. Civ. P. 16(b)(4).

a scheduling order.[15]  To show good cause for the requested modification, the moving party must provide an adequate explanation for the delay and show that the scheduling order deadlines, despite the movant's diligent efforts, cannot be met.[16] "Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party."[17] However, carelessness and "failure to proceed with the normal process of discovery does not typically equate to good cause under Rule 16."[18] The Court should also consider the possible prejudice to the opposing party.[19]

The Court finds Plaintiff has shown good cause for modifying the Scheduling Order. Plaintiff's counsel entered his appearance on May 26, 2026, and it appears he has been generally diligent in pursuing this action and communicating with defense counsel since. While the Court disagrees that the delays and discovery disputes are solely the fault of Defendants or stem from Defendants' refusal to engage in good faith discovery while the potentially dispositive motions are pending, the parties clearly have several discovery and other issues to resolve and will not be able to complete discovery under the current Scheduling Order.

Defendants argues an extension of the Scheduling Order deadlines would be prejudicial, as it would afford Plaintiff the advantage of reviewing Defendants' expert disclosures prior to

---

[15] *Thornhill v. Ethicon, Inc.*, No. 24-2077-DDC-ADM, 2024 WL 4664278, at *1 (D. Kan. Nov. 4, 2024).
[16] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014)).

[17] *Id.* (quoting 3 James Wm. Moore, Moore's Federal Practice - Civil § 16.14[1][b] (3d ed. 2019)).

[18] *McPhaul v. Coll. Hills Opco, LLC*, No. 24-1143-JWB-BGS, 2025 WL 2229971, at *3 (D. Kan. Aug. 5, 2025).

[19] *Id.*

Plaintiff submitting his own. Plaintiff filed this motion on June 23, 2026, and prior to it being fully briefed, on June 29, 2026, Defendants timely disclosed their affirmative experts. However, the Court does not find this prejudicial to Defendants or a basis to deny Plaintiff's request for an extension of the Scheduling Order deadlines totally. Affirmative experts are those specifically designated by a party who bears the burden of proof on an issue while *rebuttal* experts are those intended solely to contradict or rebut evidence on the same subject matter identified by affirmative experts.[20] This means that Defendants' designation of affirmative experts should have no bearing on Plaintiff's affirmative experts and vice versa. Thus, the Court finds that prejudice, if any, incurred by Defendants is not undue and is curable by limiting the extension of Plaintiff's rebuttal expert deadline to 30-days (instead of 60) and extending Defendants' rebuttal expert deadline to 30 days after Plaintiff's new affirmative expert deadline. The Court therefore will enter an Amended Scheduling Order below.

First, however, the Court must caution Plaintiff's counsel that compliance with District of Kansas Local Rule 37.1 is mandatory. The objections and responses at issue appear to have been served on April 8, 2026.[21] Rule 37.1 requires that any discovery-related motion "be filed within 30 days of the default or service of the response, objection, or disclosure that is the subject of the motion, or, for all other disputes, within 30 days after the movant knew or reasonably should have known of the potential dispute."[22] The Court may deny a motion to compel as untimely "unless the movant demonstrates diligence in attempting to resolve the specific discovery dispute at issue."[23] If Plaintiff decides to pursue a motion to compel or other discovery-related motion, he

---

[20] *Est. of Smart v. City of Wichita*, No. 14-2111-JPO, 2020 WL 3618851, at *2 (D. Kan. July 2, 2020).
[21] Certificate of Service, Dkt. 37.

[22] D. Kan. Rule 37.1(c).

[23] *Id.*

should do without delay. Plaintiff should be prepared to explain to the Court his diligence in pursuing the motion out of time and to address Defendants' contention that "[t]he fact that Plaintiff now has new counsel does not justify disregarding the requirements of" Local Rule 37.1.[24]

In sum, the Court does not find that a stay of discovery is appropriate in this matter, but does find Plaintiff has shown good cause for an extension of the Scheduling Order deadlines. The Court enters an Amended Scheduling Order below:

| HIMBERGER v. UBISOFT ENTERTAINMENT SA ET AL. 25-cv-2409-EFM-JBW AMENDED SCHEDULING ORDER SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiff's rebuttal experts disclosed | **August 14, 2026** |
| Plaintiff's affirmative experts disclosed | **August 28, 2026** |
| Jointly filed mediation notice | **September 18, 2026** |
| Defendants' rebuttal expert disclosures | **September 25, 2026** |
| Mediation completed | **October 16, 2026** |
| ADR report filed by defense counsel | **October 23, 2026** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| All discovery completed | **October 30, 2026** |
| Proposed pretrial order due | **November 5, 2026** |
| Pretrial conference in KCK Courtroom 236 | **November 12, 2026 at 1:30 PM** |
| Potentially dispositive motions (e.g., summary judgment) | **December 11, 2026** |
| Motions challenging admissibility of expert testimony | **December 11, 2026** |
| Jury Trial in KCK – ETT 10 days | **August 2, 2027, at 9:00 AM** |

---

[24] Memorandum in Opposition to Plaintiff's Emergency Mot. for Protective Order to Stay Discovery or in the Alternative to Continue All Deadlines, Dkt. 45, p. 4.

To the extent this Amended Scheduling Order is inconsistent with the prior scheduling order (Dkt. 29), this Amended Scheduling Order supersedes the earlier one. To the extent that this Amended Scheduling Order does not address dates, deadlines, or requirements included in the earlier scheduling orders, those earlier dates, deadlines, and requirements remain in effect. The parties are advised to review, in particular, the various requirements governing discovery, motions, submission of the pretrial order, and the pretrial conference in the prior Scheduling Order. Those requirements—other than the dates that are changed, as identified herein—remain in place.

This Amended Scheduling Order will not be modified except by leave of court upon a showing of good cause.

IT IS THEREFORE ORDERED that Plaintiff's Emergency Motion for a Protective Order to Stay Discovery or in the Alternative to Continue All Deadlines (Dkt. 44) is granted in the alternative, and the Court enters an Amended Scheduling Order.

IT IS SO ORDERED.

Dated July 20, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge